**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS E. BLANKENBAKER, D.C., formerly dba VAX-D Medical Centers, a sole proprietorship, under assignment of rights and benefits of Natana Long, et al., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED HEALTHCARE OF ARIZONA, INC., <br><br> Defendant. | No. 04-CV-1600-PHX-FJM (Lead) <br> No. 04-CV-1602-PHX-EHC (Consol.) <br> No. 04-CV-1604-PHX-SRB (Consol.) <br> No. 04-CV-1605-PHX-JWS (Consol.) <br> No. 04-CV-1611-PHX-MHM (Consol.) <br> No. 04-CV-1612-PHX-SRB (Consol.) <br> No. 04-CV-1613-PHX-LOA (Consol.) <br> No. 04-CV-1621-PHX-RCB (Consol.) <br> No. 04-CV-1622-PHX-NVW (Consol.) <br> No. 04-CV-1623-PHX-EHC (Consol.) <br> No. 04-CV-1624-PHX-NVW (Consol.) <br> No. 04-CV-1625-PHX-FJM (Consol.) <br> No. 04-CV-1626-PHX-JAT (Consol.) <br> No. 04-CV-1627-PHX-EHC (Consol.) <br> No. 04-CV-1628-PHX-SMM (Consol.) <br> No. 04-CV-1629-PHX-SRB (Consol.) <br><br> **ORDER** |

The court has before it defendant's Motion for Summary Judgment (doc. 27), plaintiff's Opposition (doc. 41), and defendant's Reply (doc. 46); plaintiff's Motion to Strike (doc. 45), defendant's Response (doc. 49), and plaintiff's Reply (doc. 53); defendant's Motion for Protective Order and Memorandum of Law (doc. 62) and plaintiff's Response (doc. 74); plaintiff's Motion to Compel Designation and Production of F.R.C.P Rule 30(b)(6) Witnesses (doc. 63), defendant's Response (doc. 76), and plaintiff's Reply (doc. 81); plaintiff's Motion

1  to Compel Production of Documents (doc. 70), plaintiff's Motion to Determine the
2  Sufficiency of Objections and Responses to First Requests for Admissions (doc. 72),
3  defendant's Motion for Leave to File Responses to Plaintiff's Motions (doc. 82), and
4  plaintiff's Response (doc. 83).

**I.**

6  Plaintiff Thomas E. Blankenbaker formerly did business as VAX-D Medical
7  Centers, where physical therapists performed vertebral axial decompression (VAX-D)
8  therapy.  Sixteen patients at VAX-D Medical Centers were participants in group health
9  plans that were insured, or insured and administered, by defendant United Healthcare.
10 Defendant denied most claims for VAX-D therapy because the therapy was unproven or
11 experimental, and therefore excluded from the coverage of the respective plans.
12 Defendant denied other claims for insufficient documentation.  The rights and benefits
13 under the participants' group health plans were assigned to the plaintiff, who raises claims
14 under the Employee Retirement Income Security Act (ERISA).

15 Plaintiff alleges that defendant violated 29 U.S.C. § 1133 by failing to provide plan
16 participants with adequate notice and review of claims denials; violated 29 U.S.C. §
17 1104(a)(1)(A) by failing to appropriately consider the claims and failing to provide
18 sufficient reasons for denying the claims; violated 29 U.S.C. § 1104(a)(1)(D) by failing to
19 act in accordance with the documents and instruments governing the plan; and violated 29
20 U.S.C. § 1106(b)(1) by engaging in fiduciary self-dealing.  Plaintiff requests payment for
21 all physical therapy that is covered under the plans, attorney's fees, costs, and other just
22 and proper relief.

**II.**

24 The parties disagree on the appropriate standard of review.  Defendant argues that
25 we should review its determinations for an abuse of discretion because the plans give it
26 discretionary authority to determine eligibility for benefits.  Plaintiff argues that we
27 should review the claims determination de novo because defendant acted upon a conflict

- 2 -

1  of interest, and because some claims were deemed denied merely because defendant
2  failed to timely consider them.

**A.**

4  Where a benefit plan gives an ERISA plan administrator discretionary authority to
5  construe the terms of the plan, or to determine the eligibility of benefits, it is appropriate
6  to review the administrator's decision for an abuse of discretion. See Firestone Tire &
7  Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 956-87 (1989). If the plan
8  administrator is also the insurer, that conflict of interest is a "facto[r] in determining
9  whether there was an abuse of discretion." Id. at 114, 109 S. Ct. at 956 (quoting
10 Restatement (Second) of Trusts § 187, Comment d (1959)). If the plan participant can
11 produce "material, probative evidence beyond the mere fact of the apparent conflict" to
12 show that the denial of benefits was caused by the administrator's self-interest, the burden
13 shifts to the administrator to produce evidence to show that the conflict of interest did not
14 affect its decision to deny benefits. Atwood v. Newmont Gold Co., Inc., 45 F.3d 1317,
15 1323 (9th Cir. 1995). If the administrator cannot show that the conflict of interest did not
16 affect its decision to deny benefits, it is appropriate to review the claim denial de novo.
17 Tremain v. Bell Industries, Inc., 196 F.3d 970, 976 (9th Cir. 1999).

18 It is undisputed that the plans at issue give the defendant discretionary authority to
19 construe the terms of the plan and to determine the eligibility of benefits.[1] Defendant acts
20 as both the insurer and the administrator for some of the plans at issue. Opposition at 19;
21 Reply at 10.[2] Defendant argues, however, that no "formal" conflict exists because it treats

---

[1] Plaintiff disputes defendant's discretionary authority under some plans in Plaintiff's Opposition to Defendant's Motion for Protective Order at 3, which was filed after briefings on the Motion for Summary Judgment were complete. We disregard plaintiff's argument because it was untimely raised and accordingly is prejudicial to the defendant.

[2] Defendant claims that it does not act as the insurer for any of the plans in Defendant's Motion for Protective Order at 3, which was filed after briefings on the Motion for Summary Judgment were complete. We disregard defendant's argument because it was untimely raised and accordingly is prejudicial to the plaintiff.

1    all claims equally, whether it acts as the insurer and the administrator of the plans, or only
2    as the administrator.  The defendant has a conflict of interest with regard to some claims
3    and an interest in maintaining consistency with the processing of all claims; accordingly,
4    the defendant has an incentive to process all claims pursuant to its self-interest.
5    Therefore, the apparent conflict of interest attaches to all claims at issue.

6          Plaintiff must produce material, probative evidence beyond the mere fact of the
7    apparent conflict to show that the denial of benefits was caused by the administrator's
8    self-interest.  For instance, in Friedrich v. Intel Corp., 181 F.3d 1105, 1110 (9th Cir.
9    1999), there was sufficient evidence that the administrator acted upon its conflict of
10   interest where the participant was not notified that his claim was being processed and
11   accordingly did not submit information to support his claim, and was not notified that his
12   claim was denied.  Also, in Lang v. Long-Term Disability Plan of Sponsor Applied
13   Remote Tech., Inc., 125 F.3d 794, 799 (9th Cir. 1997), there was sufficient evidence that
14   the administrator acted upon its conflict of interest where it changed its reasons for
15   denying a claim after the initial reasons were disproved by a physician.

16         Plaintiff relies on many processing inconsistencies in order to show that defendant
17   acted upon its conflict of interest.  Some VAX-D therapy claims were paid while other
18   similar claims were denied, Plaintiff's Statement of Facts at ¶¶ 16, 41, 44; defendant
19   claimed not to have received medical records that plaintiff repeatedly submitted, see, e.g,
20   Plaintiff's Statement of Facts, Exhibit 2.6 at TEB 669-71; many documents that plaintiff
21   sent to defendant are not included in the administrative record, Plaintiff's Statement of
22   Facts at ¶ 12; some claims were paid on appeal after plaintiff merely reproduced medical
23   records, id. at ¶¶ 63, 68; some claims were paid even when otherwise required
24   documentation was not submitted, id. at ¶ 66; and plaintiff never received payment for
25   some claims that defendant agreed to process; id. at ¶ 46, 61, 69.  Defendant disputes
26   most of these claims and argues that processing errors were caused by plaintiff's failure to
27   properly code claims.  See Defendant's Statement of Facts.  Reply at 5-6, 10-11.  In light
28   of the closed yet incomplete discovery, and our finding below that summary judgment is

inappropriate even under review for an abuse of discretion, we need not decide the appropriate standard of review at this stage.

**B.**

Where a claim is denied as the "mechanical result of a time expiration" pursuant to plan provisions, "rather than the exercise of discretion," a de novo standard of review is appropriate. Jebian v. Hewlett-Packard Co., 349 F.3d 1098, 1105 (9th Cir. 2003). It is undisputed that the plans of participants Janet James, Krystle Lee, and Natana Long, all provide that a claim, or appeal from a denial of a claim, is "deemed denied" if the administrator has not responded within a certain period of time.[3] Plaintiff argues that the defendant failed to respond to their claims within the requisite period, and therefore the claims were deemed denied and the denials should be reviewed de novo. Plaintiff's Statement of Facts at 10-12.

Defendant did, however, respond to the claims within the requisite period of time. Plaintiff's own exhibits include documents titled Provider Explanation of Benefits, which state that the services were denied. Plaintiff's Statement of Facts, Exhibit 2.7, TEB 717-19; Exhibit 2.9, TEB 799-800; Exhibit 2.10, TEB 818-21. All of the documents were dated within the requisite time periods. Plaintiff is correct that the documents do not refer to some service dates, and do not refer to plaintiff's alleged appeals of the denials. Plaintiff was, however, well aware that defendant denied all or almost all of the VAX-D therapy claims because the therapy was deemed unproven, not as a mechanical result of a time expiration. See, e.g., Plaintiff's Statement of Facts, Exhibit 2.10, TEB No. 869. Therefore, the claims were not deemed denied, and accordingly, this argument does not justify de novo review.

**III.**

---

[3] The violation of ERISA regulations requiring timely claims determinations is insufficient to alter the standard of review. Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978, 982 (9th Cir. 2005). Therefore, plaintiff's claim fails to the extent that it is based on ERISA regulations as opposed to plan provisions.

- 5 -

1    Defendant moves for summary judgment on Janet James', Krystle Lee's, Natana
2 Long's, Loren Wagner's, and George Karvanek's claims because they failed to exhaust
3 administrative remedies by not filing the requisite appeals. Defendant argues that it
4 requested additional information on each of these claims, but that it never received the
5 information, and never received the appeals. Motion for Summary Judgment at 10-12.
6 Plaintiff submits evidence that suggests that it provided the requested information,
7 appealed the denial of these claims, and defendant failed to respond. Plaintiff's Statement
8 of Facts at 32-39, 54-55, 70. We need not decide the issue of exhaustion at this stage
9 because that will neither promote judicial efficiency, nor protect administrative agency
10 authority, since the remainder of the claims are undisputedly justiciable. See McCarthy v.
11 Madigan, 503 U.S. 140, 146, 112 S. Ct. 1081, 1087 (1992). Accordingly, defendant's
12 Motion for Summary Judgment on the claims of these participants for the failure to
13 exhaust administrative remedies is denied (doc. 27).

**IV.**

15    Defendant argues that it appropriately denied the claims because VAX-D therapy
16 is unproven and because plaintiff failed to provide adequate documentation to support the
17 claims. We conclude that summary judgment is inappropriate even under an abuse of
18 discretion standard of review.

**A.**

20    Plaintiffs bring this action in part to "recover benefits due . . . under the terms of
21 [the] plan[s]." 29 U.S.C. § 1132(a)(1)(B). It is undisputed that the plans exclude
22 coverage for experimental or unproven therapies and devices. The sixteen plans at issue
23 do not define "experimental" or "unproven" uniformly. Defendant cites a single
24 definition, which is undisputedly typical of the definitions under all of the plans:

> Experimental or investigational refers to medical, surgical, diagnostic or other health care technologies, supplies, treatments, procedures, drug therapies or devices that are determined by United Healthcare (at the time it makes a determinations [sic] regarding coverage in a particular case) to be:
>
> • Not approved by the U.S. Food and Drug Administration (FDA) to be lawfully marketed for the proposed use and not identified in the

>American Hospital Formulary Service, the United States Pharmacopoeia Dispensing Information, or the American Medical Association Drug Evaluations as appropriate for the proposed use.
>- Subject to review and approval by any Institutional Review Board for the proposed use.
>- The subject of an ongoing clinical trial that meets the definition of a Phase 1, 2 or 3 Clinical Trial set forth in the FDA regulation, regardless of whether the trial is actually subject to FDA oversight.
>- Not demonstrated through prevailing peer-reviewed medical literature to be safe and effective for treating or diagnosing the condition or illness for which its use is proposed.

Motion for Summary Judgment at 4. The definition is ambiguous because it lacks conjunctions between the four bulleted items. However, similar definitions in other plans include the conjunction "or" between each of the bullet points. Defendant's Statement of Facts, Exhibit 1.4 at UHC 395; Defendant's Statement of Facts, Exhibit 1.7 at UHC 770. Neither party addressed the ambiguity of the definition. Given the incoherence of the definition, and the inclusion of the conjunction "or" in the otherwise identical definitions, we conclude that a procedure or device can be considered unproven or experimental if it is either not approved by the FDA to be marketed for the proposed use, or if it has not been demonstrated through prevailing peer-reviewed medical literature as safe and effective for treating or diagnosing the condition or illness for which its use is proposed.

It is undisputed that the VAX-D therapeutic table, which is used in VAX-D therapy, has been approved by the FDA as a Class II device. Accordingly, further analysis of the FDA approval process is unnecessary. Pursuant to the definition, the VAX-D therapy may still be experimental, however, if it has not been demonstrated through prevailing peer-reviewed medical literature as safe and effective for treating the condition or illness for which its use is proposed.

Plaintiff relies on medical studies on VAX-D therapy and argues that they demonstrate that VAX-D therapy is safe and effective. Defendant argues that it reviewed the studies, and determined that they lack sufficient size, randomization, control groups, blinding, and results. Motion for Summary Judgment at 17-20; Defendant's Statement of Facts, Exhibit A at ¶ 4. Plaintiff argues that defendant evaluated only 3 of the 6 studies, mischaracterized the studies that it did review, and accordingly, incorrectly designated

1  VAX-D therapy as unproven or experimental. Plaintiff's Statement of Facts at 7-9;
2  Opposition at 6. This factual dispute is inappropriate for summary judgment.
3  Accordingly, defendant's Motion for Summary Judgment on the ground that VAX-D is
4  unproven or experimental is denied (doc. 27).

**B.**

6  Defendant moves for summary judgment arguing that some claims were
7  appropriately denied because plaintiff failed to provide adequate medical records, and in
8  particular, failed to provide daily logs of services. Motion for Summary Judgment at 20-
9  22. Plaintiff argues, however, that it submitted adequate documentation on all claims, and
10 that daily logs are not required documentation because some claims were paid without
11 production of the daily logs. Opposition at 7-8; Plaintiff's Statement of Facts at ¶¶ 51, 59,
12 66, 68. Furthermore, plaintiff argues that defendant's administrative record does not
13 include all the documentation that plaintiff submitted. Plaintiff's Statement of Facts at ¶¶
14 52, 56. This factual dispute is inappropriate for summary judgment. Accordingly,
15 defendant's Motion for Summary Judgment on the ground that plaintiff failed to provide
16 adequate documentation is denied (doc. 27).

**V.**

18 Plaintiff moves to strike materials submitted as exhibits to defendant's Motion for
19 Summary Judgment. Plaintiff argues that portions of the affidavit of Richard A. Justman,
20 M.D., portions of the affidavit of Suzanne Darsow, and portions of Exhibits 2.1-2.6, 2.8,
21 and 2.11-2.16, are inadmissible and should therefore be stricken. These materials had no
22 bearing on the decision to deny the Motion for Summary Judgment. Accordingly,
23 plaintiff's Motion to Strike is denied as moot (doc. 45).

**VI.**

27 The court has before it four separate discovery motions which suggest that there is
28 a breakdown of professionalism between the lawyers. The tone of the memoranda

1  suggests that the lawyers are quarreling with each other over litigation rather than helping
2  their clients resolve the underlying dispute.  Counsel are directed to read the Lawyers
3  Creed of Professionalism of the State Bar of Arizona which appears on page six of the
4  2005-2006 Membership Directory and this court's Code of Conduct for Attorneys, which
5  appears at www.azd.uscourts.gov.

6  Defendant moves for a protective order (doc. 62); and plaintiff moves for the court
7  to compel the designation and production of witnesses (doc. 63), to compel the
8  production of documents (doc. 70), and to determine the sufficiency of objections and
9  responses to the first request for admissions (doc. 72).  Defendant failed to timely respond
10 to the Motion to Compel Production and the Motion to Determine the Sufficiency of
11 Objections and Responses to First Requests for Admissions.  Defendant's Motion for
12 Leave to File Responses to those motions is, however, granted (doc. 82) and we
13 considered defendant's Response to Plaintiff's Motion to Compel Production of
14 Documents and defendant's Response to Plaintiff's Motion to Determine the Sufficiency
15 of Objections and Responses to First Requests for Admissions.  <u>Defendant's Motion for</u>
16 <u>Leave to File Responses, Exhibits A, B.</u>

17 The parties dispute the scope of permissible discovery.  We may consider evidence
18 outside of the administrative record when determining whether a plan administrator's
19 decision was affected by a conflict of interest, and when reviewing an administrative
20 decision de novo.  <u>Banuelos v. Constr. Laborers' Trust Funds for Southern Cal.</u>, 382 F.3d
21 897, 904 (9th Cir. 2004).  In light of our decision on the standard of review, defendant's
22 Motion for a Protective Order is denied (doc. 62), plaintiff's Motion to Compel the
23 Designation and Production of F.R.C.P. Rule 30(b)(6) Witnesses is granted (doc. 63), and
24 defendant is directed to respond to plaintiff's request for admissions accordingly (doc.
25 72).

26 Defendant objects to the production of some documents on the ground that the
27 production is overly burdensome.  Defendant references the Declaration of Suzanne
28 Darsow, which discusses the costs of compliance with the request for admissions, not the

- 9 -

1  request for production.  Plaintiff's requests for production are reasonable and accordingly,
2  plaintiff's Motion to Compel Production of Documents is granted (doc. 70).

3  Plaintiff moves for us to determine the sufficiency of objections and responses to
4  the first request for admission.  Plaintiff's motion is granted and defendant is directed to
5  respond to plaintiff's request for admissions (doc. 72).

6  Defendant refuses, on relevancy grounds, to admit or deny that the relevant plan
7  documents do not require pre-approval for out of network physical therapy; that
8  defendant's Medical Technology Assessment Committee did not review two studies on
9  VAX-D therapy; and that defendant's employees have training in physical therapy and
10 physical therapy coding.  Defendant's objections are overruled, and defendant is directed
11 to respond to these requests for admissions (doc. 72).

12 Defendant also refuses to admit or deny that it paid for back pain treatments that
13 have less support in medical literature than VAX-D therapy, and that defendant has
14 previously paid for VAX-D therapy.  Defendant argues that the request is overly
15 burdensome and will require defendant to reveal non-party confidential information.  The
16 objections are overruled, but the parties are directed to confer and stipulate to a more
17 practical means of discovering the desired information which may include redaction of
18 patient identity (doc. 72).

19 Plaintiff argues that defendant abused the discovery process, and accordingly
20 requests attorney's fees in connection with plaintiff's three discovery motions.  But
21 plaintiff also abused the discovery process; it was unreasonable for plaintiff's counsel to
22 appear in Phoenix for a deposition when he was warned that the deponent would not
23 arrive due to delays caused by Hurricane Rita.  It was also unreasonable to oppose
24 defendant's Motion for Leave to File Responses.  Accordingly, all of plaintiff's requests
25 for attorney's fees pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure
26 are denied (docs. 63, 70, 72).

1    The parties are directed to agree upon a reasonable venue for the deposition of
2  defendant's corporate representative.  Phoenix is a reasonable venue because it is the
3  forum and it is defendant's principal place of business.  <u>Answer</u> at 1.
4    Defendant moves to strike plaintiff's Motion to Compel Designation and
5  Production of F.R.C.P. Rule 30(b)(6) Witnesses because defendant exceeded the Rule 16
6  page restrictions.  Defendant's Motion to Strike is denied because plaintiff was required to
7  set forth additional information pursuant to L.R. Civ. 37.1 (doc. 76).

## VII.

9    **IT IS ORDERED DENYING** defendant's Motion for Summary Judgment (doc.
10 27).
11   **IT IS FURTHER ORDERED DENYING** plaintiff's Motion to Strike (doc. 45).
12   **IT IS FURTHER ORDERED DENYING** defendant's Motion for a Protective
13 Order (doc. 62).
14   **IT IS FURTHER ORDERED GRANTING** plaintiff's Motion to Compel
15 Designation and Production of F.R.C.P Rule 30(b)(6) Witnesses (doc. 63).
16   **IT IS FURTHER ORDERED GRANTING** plaintiff's Motion to Compel
17 Production of Documents (doc. 70).
18   **IT IS FURTHER ORDERED GRANTING** plaintiff's Motion to Determine the
19 Sufficiency of Objections and Responses to First Requests for Admissions (doc. 72), and
20 directing defendant to respond to plaintiff's first request for admissions in accordance
21 with our rulings herein.
22   **IT IS FURTHER ORDERED DENYING** plaintiff's request for attorney's fees
23 (docs. 63, 70, 72).
24   **IT IS FURTHER ORDERED DENYING** defendant's Motion to Strike (doc.
25 76).

**IT IS FURTHER ORDERED GRANTING** defendant's Motion for Leave to File Responses to Plaintiff's Motions to Compel Production of Documents and Determine Sufficiency of Objections and Responses to First Requests for Admissions (doc. 82).

DATED this 16th day of November, 2005.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge